# EXHIBIT R



Clement H. Luken, Jr.
Gregory F. Ahrens
Wayne L. Jacobs
Kurt A. Summe
Keith R. Haupt
Thomas W. Humphrey
David H. Brinkman
Kathryn E. Smith
David E. Jefferies
J. Dwight Poffenberger, Jr.
Brett A. Schatz
Sarah Otte Graber

Randall S. Jackson, Jr.
Steven W. Benintendi, Ph.D.
Glenn D. Bellamy
Kevin E. Kuehn
David A. Fitzgerald II
Sean K. Owens
W. Scott Gaines
Louis H. Sitler
Michael E. Glennon
Joseph L. Falkiewicz ±
Bryn E. Ericksen
I. Marshall Fontenot+

Bruce Tittel *
David J. Josephic *
Kenneth B. Germain *
Stephen E. Gillen *
Thomas J. Burger *
P. Andrew Blatt, Ph.D.*
Lori Krafte*
* Counsel
+Technical Advisor
± Admitted in Michigan

GBELLAMY@WHE-LAW.COM
DIRECT: (513) 707-0243

April 1, 2025

***Via E-mail (support@z3pro.com) and USPS Priority Mail Express***
Z3 Productions, LLC
Attn: Legal Department
6608 N Western Ave
PMB 3307
Nichols Hills, OK 73116

Z3 Productions, LLC
c/o Registered Agents Inc.
9905 S Pennsylvania Avenue, Suite A
Oklahoma City, OK 73159

Re:    **Infringement of U.S. Patent No. 12,038,247**

Dear Sir/Ma'am,

This firm represents ABC IP, LLC ("ABC") in intellectual property matters. ABC is the owner of U.S. Patent No. 12,038,247 ("the '247 Patent") and others, Additional related patents are pending. A copy of the '247 Patent is enclosed for your reference. ABC holds numerous patents, including U.S. Patent No. 10,514,223, which has been exclusively licensed to Rare Breed Triggers LLC ("Rare Breed"), and successfully enforced against multiple infringers.

The '247 Patent covers a forced reset trigger with a cam movable between first and second positions to force the trigger to reset. It is an infringement to make, use, sell, offer to sell, or import any product covered by any claim of this patent in the United States, and all infringers in the chain of commerce are liable for full damages adequate to compensate for the infringement. 35 U.S.C. §§ 271 and 284. Additionally, anyone who actively induces or contributes to infringement is liable as an infringer. 35 U.S.C. §§ 271 and 284.

It has come to our attention that Z3 Productions, LLC, d/b/a Z3 Pro, are selling or offering to sell what has come to be known as a "Super Safety" (3 Position) as shown below, via the Z3 Pro website (https://www.z3pro.com/), the Z3 Pro Facebook page (https://www.facebook.com/profile.php?id=61570640533074) and several private Facebook groups. When installed as instructed, the "Super Safety" (3 Position), regardless of its material specs, color, or intended platform, is covered by at least claims 15 and 20 of the '247 Patent. Thus, use, manufacture, or sale constitutes an infringement of the '247 Patent.



Z3 Pro
April 1, 2025
Page 2



To be even more specific, you are selling or offering to sell a product referred to as the "Super Safety Kit," which includes the "Super Safety" (3 Position), a "Centering Block", and a "Trigger Cutting Jig." This is not a standard parts kit or multi-use tool assembly. Rather, it is a purpose-built package combining an infringing trigger mechanism with a tool designed solely to assist users in modifying existing parts so they can be used in connection with the infringing "Super Safety." The combined sale of these items reinforces their singular unlawful purpose—to enable the construction and use of a device covered by at least claims 15 and 20 of the '247 Patent. The "Super Safety Kit" serves no substantial noninfringing use and exists only to facilitate the creation and installation of infringing devices. Your manufacture, sale, and offer for sale of this kit therefore constitutes contributory infringement under 35 U.S.C. § 271(c), and your conduct in marketing and distributing these combined components to be used in an infringing configuration constitutes active inducement of infringement under 35 U.S.C. § 271(b). You are fully liable for all resulting damages caused to the patent owner.



You are also selling or offering to sell "Centering Blocks", which are specially designed parts exclusively used in conjunction with the cam lever of a "Super Safety" (3 Position). These "Centering Blocks" are not standard components intended for use with a traditional fire control group. Rather, they are specially designed and manufactured for use exclusively with the "Super Safety" (3 Position) device. You are offering these "Centering Blocks" not only for use with



Z3 Pro
April 1, 2025
Page 3

devices you have sold directly, but also for use with "Super Safety" products made or sold by others. As such, these "Centering Blocks" constitute a material part of the invention claimed in the '247 Patent, are not staple articles or commodities of commerce suitable for substantial noninfringing use, and are intended to be assembled into infringing devices. Your manufacture, sale, and offer for sale of these "Centering Blocks" therefore constitutes contributory infringement under 35 U.S.C. § 271(c), and your conduct in facilitating their use with third-party "Super Safety" devices constitutes active inducement of infringement under 35 U.S.C. § 271(b). As such, you are fully liable for all resulting damages caused to the patent owner.



Last, you are also selling or offering to sell "Trigger Jigs". These "Trigger Jigs" are not standard tools or components intended for general use. Rather, they are specially designed and manufactured solely to assist others in modifying existing parts so they can be used in connection with the "Super Safety" (3 Position) device, resulting in an infringing assembly. The "Trigger Jigs" serve no substantial noninfringing use and exist only to facilitate the creation of infringing devices. As such, these products constitute material parts of the invention claimed in the '247 Patent and are not staple articles or commodities of commerce. Your manufacture, sale, and offer for sale of the "Trigger Jig" therefore your conduct in facilitating their use to produce infringing devices constitutes active inducement of infringement under 35 U.S.C. § 271(b). You are fully liable for all resulting damages caused to the patent owner.



Accordingly, we must demand that you immediately cease and desist from any further sale or offer to sell the "Super Safety" (3 Position), Super Safety Kit, the Centering Blocks, or any other component part(s) or product(s) covered by or inducing infringement of the '247 Patent.



Z3 Pro
April 1, 2025
Page 4

In order to negotiate a legal resolution without litigation, provide the following information:

- The number of units made or sold since July 16, 2024,
- The total revenue from the sale of each of these products,
- Identity and contact information for any wholesale purchasers, dealers, or resellers to whom you have sold these products, and
- If Z3 Pro did not manufacture all of these products or all of their components, identify the manufacturer from whom they were obtained and/or the vendor who supplied the components.

Knowing infringement or continuing to infringe after notice indicates willful infringement, which can incur a judgment of treble damages and/or payment of attorneys' fees in litigation. **Please confirm that you are immediately complying no later than April 16, 2025.**

Having been notified of this claim, you have a legal obligation to preserve all documents and records relating to your manufacture, sale, and offer for sale of these items. Spoliation of evidence can result in sanctions and/or legal inferences that the destroyed evidence was inculpatory.

We urge you to seek the advice of a competent patent attorney in this very serious legal matter and look forward to your prompt response.

This letter is without prejudice to any claims or remedies available to ABC IP, LLC (and/or Rare Breed Triggers LLC), including damages, injunctive relief, and/or attorneys' fees.

Very truly yours,

Glenn D. Bellamy

Enclosure
cc:    ABC IP, LLC

 600 Vine Street | Suite 2800 | Cincinnati, OH 45202 | tel: 513-241-2324 | fax: 513-241-6234 | whe-law.com

Edmund P. Wood: 1923-1968 | Truman A. Herron: 1935-1976 | Edward B. Evans: 1936-1971