**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>　　　Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CHRISTOPHER COPE,<br><br>　　　Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>　　　Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HANES TACTICAL, LLC, and DAMION TERRELL BENNETT, <br><br> Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HARRISON GUNWORKS LLC, and TYLER HARRISON, <br><br> Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARS TRIGGER, LLC, and PETER BRENNEN, <br><br> Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER | Civil Action No. 2:26-cv-00056-ALM |

|  |  |
|---|---|
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>    Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>    Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>    Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs, | Civil Action No. 2:26-cv-00055-ALM |

v.

PROSOURCE FIREARMS, LLC,

     Defendant.

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

     Plaintiffs,

v.

SUPERIOR FIREARMS OF TEXAS, LLC,

     Defendant.

Civil Action No. 2:26-cv-00058-ALM

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

     Plaintiffs,

v.

Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,

     Defendant.

Civil Action No. 4:26-cv-00367-ALM

**PROPOSED ORDER GRANTING PLAINTIFFS' CONSOLIDATED
MOTION FOR PRELIMINARY INJUNCTION**

Before the Court is the Consolidated Motion for Preliminary Injunction filed by Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("RBT") (collectively, "Plaintiffs" or "Rare Breed"). Having considered the Motion, the supporting declarations and exhibits, the Defendants' responses, the arguments of counsel, the applicable law, and the entire record in this multidistrict litigation, the Court **GRANTS** the Motion and enters this preliminary injunction.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 52(a)(2), the Court finds and concludes as follows:

### A. The Parties, the Asserted Patents, and the Accused Products

1. Plaintiff ABC IP, LLC is a Delaware limited liability company that owns the patents asserted in this Motion. Plaintiff Rare Breed Triggers, Inc. is a Texas corporation that is the exclusive licensee of those patents.

2. The patents asserted in this Motion (the "Asserted Patents") are: U.S. Patent Nos. 12,038,247 (the "'247 Patent"); 12,031,784 (the "'784 Patent"); 12,578,159 (the "'159 Patent"); 12,529,538 (the "'538 Patent"); and 12,636,403 (the "'403 Patent").

3. The "Accused Products" subject to this Order are the Atrius Selector (including the substantially identical MARC Selector and Super Selektor products), the Super Safety, and the ARC-Fire Trigger (the "ARC-Fire"), in each of the following configurations:

    a) Installed devices, meaning any Accused Product that has been installed in a firearm at the point of sale;

    b) Kits, meaning any Accused Product bundled with additional fire-control components (including without limitation triggers, hammers, springs, and detents) intended to enable operation of the Accused Product in a firearm;

c) Standalone devices and individual components, meaning any Accused Product sold on its own or any individual cam, lever, cam-and-lever assembly, pre-cut trigger, or other component of an Accused Product;

d) Installation tools, meaning any instrument (including but not limited to jigs, cutting guides, centering blocks, and gauges) specifically designed and/or adapted for the preparation and installation of the Accused Products and associated fire-control components into a firearm; and

e) Platform-extension products, meaning any component, lower, kit, or adapter sold or marketed to enable the use of an Accused Product on firearms beyond the standard AR-15, including without limitation HK MP5/SP5, MCX, MPX, DB9, .22LR, and .308-platform variants.

4. As used in this Order, a "derivative" of an Accused Product means any product, device, kit, component, or design that is substantially similar to, or that incorporates the patented "forced reset" functionality of, an Accused Product, regardless of differences in form, branding, or firearm platform.

5. The Defendants subject to this Order (collectively, the "Enjoined Defendants") are identified in Schedule A attached hereto.

**B.      Likelihood of Success on the Merits**

6. The Court finds that Plaintiffs have established a likelihood of success on the merits of their patent infringement claims with respect to the Asserted Patents and the Accused Products.

7. Plaintiffs' technical expert, Brian Luettke, has mapped, element by element, each Asserted Claim to each Accused Product. The Court finds that Mr. Luettke's analysis establishes the required likelihood that the Accused Products practice the Asserted Claims.

2

8.      The Court further finds that the Eastern District of Tennessee, after a three-day evidentiary hearing, has already determined that the Super Safety likely satisfies every limitation of claim 15 of the '247 Patent and claim 1 of the '784 Patent. *ABC IP, LLC v. Hoffman*, No. 1:25-cv-00389-CLC-CHS (E.D. Tenn. Feb. 11, 2026). The Court finds that decision persuasive.

9.      The Asserted Patents are presumed valid pursuant to 35 U.S.C. § 282. The Court finds that the Enjoined Defendants have not raised a substantial question as to the validity or enforceability of the Asserted Patents that would defeat a preliminary injunction.

**C.      Irreparable Harm**

10.      The Court finds that Plaintiffs are suffering, and will continue to suffer, irreparable harm absent preliminary injunctive relief, including: (a) loss of market share in a niche, emerging market in which Plaintiffs and the Enjoined Defendants are direct competitors; (b) loss of the limited and non-recurring period of market exclusivity afforded by Plaintiffs' patent rights, particularly following the resolution of the regulatory constraints that had previously prevented Plaintiffs from commercializing their patented technology; (c) price erosion and the establishment of lower reference prices that will persist beyond the period of competition; (d) reputational and innovator-identity harm, including erosion of Plaintiffs' status as the pioneer of the patented technology; (e) disruption to Plaintiffs' distribution channels and forced changes to Plaintiffs' market strategy; and (f) a substantial risk that any future damages award against the Enjoined Defendants would be uncollectible.

11.      The Court finds that these harms are not adequately compensable through monetary damages.

**D.      Balance of the Equities**

12.      The Court finds that the balance of the equities favors entry of preliminary injunctive relief. Each Enjoined Defendant received notice of Plaintiffs' patent rights, and each

continued to sell the Accused Products despite that notice. Any hardship asserted by the Enjoined Defendants arises from their decision to continue selling after receiving such notice and is entitled to limited equitable weight.

### E.    Public Interest

13.    The Court finds that the public interest is not harmed by entry of preliminary injunctive relief. The public interest in enforcing valid patent rights is well established, and no countervailing public interest weighs against an injunction in this case.

## II.    INJUNCTIVE RELIEF

14.    Each Enjoined Defendant, together with its officers, directors, members, managers, agents, servants, employees, attorneys, successors, and assigns, and all other persons or entities in active concert or participation with any of them—including any parent company, affiliate, trust, subsidiary, division, or entity under common ownership or control—who receive actual notice of this Order by personal service or otherwise, are hereby **RESTRAINED**, **ENJOINED**, AND **PROHIBITED** from:

 a) Making, using, selling, offering for sale, importing, distributing, shipping, or fulfilling orders for any Accused Product, any derivative thereof, or any substantially similar product, in any configuration, whether by retail, through distributors, or wholesale, and whether directly or indirectly;

 b) Selling, offering for sale, or importing any cam, lever, cam-and-lever assembly, pre-cut trigger, kit, or other component that is a material part of any Accused Product, any derivative thereof, or any substantially similar product, and that has no substantial use other than in an Accused Product or derivative thereof;

4

c)      Inducing, encouraging, instructing, or assisting any other person or entity to engage in any conduct prohibited by this Order, including by providing design files, manufacturing specifications, assembly or installation instructions, technical support, or troubleshooting assistance for any Accused Product, any derivative thereof, or any substantially similar product.

15.    Within seven (7) days of receiving actual notice of this Order, each Enjoined Defendant shall:

a)      Remove, delist, or otherwise take down all online listings, product pages, advertisements, and promotional materials for the Accused Products on any website, marketplace, or social media platform owned, operated, or controlled by the Enjoined Defendant;

b)      Notify in writing each distributor, reseller, dealer, and other commercial counterparty to whom the Enjoined Defendant has sold or shipped any Accused Product within the preceding twelve (12) months of the entry and terms of this Order, and provide a copy of this Order to each such counterparty; and

c)      Quarantine and segregate from inventory available for sale all unsold Accused Products in the Enjoined Defendant's possession, custody, or control.

16.    Within fourteen (14) days of receiving actual notice of this Order, each Enjoined Defendant shall file with the Court and serve on counsel for Plaintiffs a sworn certificate of compliance attesting to the specific steps taken to comply with this Order.

## III.   SECURITY UNDER RULE 65(C)

17.   Consistent with the Court's discretion under Federal Rule of Civil Procedure 65(c), and in light of the Enjoined Defendants' failure to identify any provable harm arising from compliance with this Order, the Plaintiffs are not required to post any security.

## IV.   EFFECTIVE DATE, NOTICE, AND CONTINUING JURISDICTION

18.   This Order shall take effect immediately following entry of this Order.

19.   Service of this Order on counsel of record for each Enjoined Defendant via the Court's CM/ECF system shall constitute actual notice to that Enjoined Defendant. For any Enjoined Defendant not represented by counsel of record at the time of entry, Plaintiffs shall effect service of this Order by personal service or another method reasonably calculated to provide actual notice, and shall file proof of service within seven (7) days of effecting such service.

20.   This preliminary injunction shall remain in effect until further order of the Court or entry of final judgment against each Enjoined Defendant, whichever occurs first.

21.   The Court retains jurisdiction over this matter for all purposes, including without limitation the interpretation, enforcement, modification, and dissolution of this Order, and the adjudication of any contempt, compliance, or scope disputes arising under this Order.

**IT IS SO ORDERED.**

## SCHEDULE A — ENJOINED DEFENDANTS

All Defendants in the listed actions are subject to this Order:

1.  80Mills LLC, d/b/a Tactical Titan Supply, and Pearson Gardner (Civil Action No. 4:26-cv-00380-ALM);

2.  Christopher Cope (Civil Action No. 2:26-cv-00033-ALM);

3.  DNT LLC, d/b/a Deez Nutz Tactical, and Zach Morrow (Civil Action No. 4:26-cv-00377-ALM);

4.  Hanes Tactical, LLC, and Damion Terrell Bennett (Civil Action No. 4:26-cv-00369-ALM);

5.  Harrison Gunworks LLC, and Tyler Harrison (Civil Action No. 4:26-cv-00379-ALM);

6.  MaRs Trigger, LLC, and Peter Brennen (Civil Action No. 2:26-cv-00030-ALM);

7.  Mister Guns, LLC, Thomas Carter II, and Brandi Carter (Civil Action No. 2:26-cv-00056-ALM);

8.  Steven Thanh Nguyen, d/b/a Polymer Pew (Civil Action No. 4:26-cv-00425-ALM);

9.  Optics Planet, Inc., d/b/a Ecentria (Civil Action No. 4:26-cv-00521-ALM);

10. PistolCap Limited Company, d/b/a Frisco Guns, and Mordekhai Harroch (Civil Action No. 2:26-cv-00053-ALM);

11. ProSource Firearms, LLC (Civil Action No. 2:26-cv-00055-ALM);

12. Superior Firearms of Texas, LLC (Civil Action No. 2:26-cv-00058-ALM); and

13. Z3 Productions, LLC, d/b/a Z3Pro (Civil Action No. 4:26-cv-00367-ALM).