## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-MD-03176-ALM**<br><br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br><br>        v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>    *Defendants.* | Civil No. 4:26-CV-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br><br>        v.<br><br>HANES TACTICAL, LLC and DAMION BENNETT,<br><br>    *Defendants.* | Civil No. 4:26-CV-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br><br>        v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>    *Defendants.* | Civil No. 4:26-CV-00377-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | |

1

|  |  |
|---|---|
| *Plaintiffs,* <br><br> v. <br><br> HARRISON GUNWORKS LLC, and TYLER HARRISON, <br><br> *Defendants.* | Civil No. 4:26-CV-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> STEVEN THANH NGUYEN, d/b/a POLYMER PEW, <br><br> *Defendant.* | Civil No. 4:26-CV-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> *Plaintiffs,* <br> v. <br> Z3 PRODUCTIONS, LLC, d/b/a Z3PRO, <br><br> *Defendant.* | Civil No. 4:26-CV-00367-ALM |

**CERTAIN DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' NON-RESPONSE IN OPPOSITION TO CONSOLIDATED MOTION FOR EXPEDITED DISCOVERY**

Certain Defendants 80MILLS LLC, d/b/a Tactical Titan Supply and Pearson Gardner; DNT LLC and Zach Morrow; Hanes Tactical, LLC and Damion Bennett; Harrison Gunworks LLC and Tyler Harrison; Steven Thanh Nguyen, d/b/a Polymer Pew; and Z3 Productions, LLC, d/b/a Z3PRO (collectively, the "Defendants") submit this Sur-Reply to correct the premise of Plaintiffs' Reply (Dkt. #60[1]) that Defendants' "silence resolves both motions" and that Plaintiffs' Motion for Preliminary Injunction (the "PI Motion") should be entered as unopposed. That premise is incorrect. Before Plaintiffs filed their Reply, Defendants filed a Motion for Scheduling Order(s) (Dkt. #51) that expressly advised both the Court and Plaintiffs that Defendants were preparing substantive oppositions to the PI Motion and requested a workable schedule for those oppositions and any related discovery. Plaintiffs therefore know that Defendants have not consented to the requested preliminary injunction.

## I.     DEFENDANTS' NON-RESPONSE TO THE EXPEDITED-DISCOVERY MOTION DOES NOT MAKE THE SEPARATE PI MOTION UNOPPOSED.

Defendants did not file a separate response to Plaintiffs' Consolidated Motion for Expedited Discovery. But Plaintiffs improperly leap from that circumstance to the assertion that Defendants also failed to oppose the separate PI Motion and that an injunction should be entered against them. The two motions seek different relief and must be addressed separately. Even if the Court treats the expedited-discovery motion as unopposed as to these Defendants, that does not convert the PI Motion into an unopposed motion or establish Plaintiffs' entitlement to an injunction.

Plaintiffs' Reply on expedited discovery is also not the proper vehicle to request entry of a preliminary injunction. The relief requested in the underlying discovery motion concerns the timing and scope of discovery. Plaintiffs' new request in reply that the Court enter an injunction

---

[1] The identical CERTAIN DEFENDANTS' MOTION FOR SCHEDULING ORDER(S) was filed in each of the Defendants' cases.  The docket numbers listed herein are with respect to *ABC IP, LLC, et al., v. 80Mills LLC, et al.,* Case No. 4:26-cv-00380-ALM.

against Defendants would dispose of the separate PI Motion without the merits briefing that Defendants have expressly requested permission and a schedule to submit. The Court should reject that attempt to obtain substantive Rule 65 relief through a reply directed to discovery.

## II.   DEFENDANTS' PENDING MOTION FOR A SCHEDULING ORDER EXPRESSLY PRESERVES THEIR PI OPPOSITIONS.

Defendants filed their Motion for Scheduling Order(s) on June 9, 2026. (Dkt. #51). That motion did not remain silent about the PI Motion. It explained that Plaintiffs' PI submission includes more than 1,200 pages of briefing, expert evidence, declarations, claim charts, appendices, and exhibits; involves five patents, 34 asserted claims, and multiple accused products or configurations; and requires defendant-specific technical review, client consultation, expert analysis, and coordination among multiple defense groups. (Id. at 3-7). Defendants therefore requested that the Court establish dates for "opposition and reply deadlines" and any related PI discovery. (Id. at 8).

The scheduling motion further stated that a meaningful opposition could not be prepared under the default schedule, that Defendants were not seeking a merits ruling on the PI Motion, and that Defendants expressly reserved all arguments and defenses concerning infringement, invalidity, enforceability, standing, irreparable harm, bond, discovery, and the propriety and scope of any injunction. (Id. at 3, 6-8). Those statements are irreconcilable with Plaintiffs' assertion that Defendants have conceded the PI Motion. Plaintiffs opposed the requested scheduling procedure and thus cannot plausibly claim that they were unaware Defendants intended to oppose the PI Motion.

The absence of a merits opposition while the requested opposition schedule remains pending should not be treated as a waiver. Defendants have appeared and stated their intent to oppose the PI Motion.

2

**III.     LOCAL RULE CV-7(d) DOES NOT AUTHORIZE ENTRY OF THE REQUESTED INJUNCTION UNDER THESE CIRCUMSTANCES.**

Plaintiffs rely on Local Rule CV-7(d), but the Rule states that a failure to oppose a motion creates a presumption that the nonmovant does not controvert the facts set out by the movant and has no evidence to offer in opposition to that motion. It does not provide that the failure to respond to one motion automatically concedes a different motion.

Here, Defendants have not remained silent as to the PI proceedings. Their pending scheduling motion expressly disputes the propriety of adjudicating the PI Motion under the default response period and preserves their substantive opposition. Plaintiffs' contrary characterization ignores the docket and would deprive Defendants of the very merits briefing process they requested and that remains unresolved. The Court should not deem the PI Motion unopposed while the request to establish the PI opposition deadline remains pending.

**IV.     ANY RULING ON EXPEDITED DISCOVERY SHOULD BE WITHOUT PREJUDICE TO DEFENDANTS' PI OPPOSITIONS.**

Defendants do not use this Sur-Reply to present an opposition to expedited discovery. They submit it only because Plaintiffs' Reply seeks relief beyond the discovery motion and incorrectly asks the Court to treat the separate PI Motion as conceded. If the Court grants expedited discovery as to these Defendants, that ruling should be without prejudice to any argument or defense Defendants may raise in opposition to the PI Motion and should be coordinated with the schedule ultimately established for the PI proceedings.

Date: July 13, 2026

Respectfully submitted,
*/s/ John M. Skeriotis*
John M. Skeriotis (Ohio Bar No. 0069263)
EMERSON, THOMSON & BENNETT, LLC
1914 Akron-Peninsula Road
Akron, Ohio 44313
Tel: (330) 434-9999
Fax: (330) 434-8888
E-mail: jms@etblaw.com
*One of the Counsel for Certain Defendants*

3