**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' UNTIMELY OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION**

Defendants filed their opposition to Plaintiffs' motion for a preliminary injunction 67 days after the response deadline. Dkt. 67.[1] Rule 6(b) gave them two ways to do that properly: ask before the June 12, 2026 deadline and show good cause, or ask afterward and show excusable neglect. Fed. R. Civ. P. 6(b)(1)(A), (B). Defendants took neither path. They asked instead for an order directing the parties to confer and propose a schedule, and they never asked the Court to set a response date. When Plaintiffs advised the Court on July 2 that the PI Motion was unopposed and ripe, Defendants said nothing. They waited another 47 days, then filed a 28-page brief and eight declarations on a date they chose for themselves. The Court should strike the opposition and the declarations filed in support of it.

## I. Defendants' Motion for a Scheduling Order Neither Sought nor Obtained an Extension of the June 12 Deadline

### A. The Motion Asked for a Conferral Process, Not an Extension of the Response Deadline

Rule 6(b)(1)(A) permits the Court to "extend the time" to act. Defendants' Motion asked for something else. Its "Requested Relief" was an order "[r]equiring the parties to meet and confer and, on or before a date certain, file either an agreed proposed scheduling order or competing proposed scheduling orders for the pending PI proceedings." Dkt. 51 at 8. The Motion identified no response date, proposed none, and asked the Court to set none.

Defendants' own authorities show what a Rule 6(b)(1)(A) request looks like. In *Willis v. Aron*, the plaintiff asked that his response deadline be moved to a specific date. No. 4:23-cv-732-ALM-KPJ, 2024 WL 778384, at *1–2 (E.D. Tex. Feb. 26, 2024); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1256–57 (9th Cir. 2010) (one-week extension). Each movant named

[1] Each of the documents filed across the cases at issue in this motion is substantially identical. For convenience, this motion cites the docket in *ABC IP, LLC v. 80Mills LLC*, No. 4:26-cv-00380-ALM (E.D. Tex.), unless otherwise indicated.

the deadline and proposed a new one. Defendants did neither, for the reason their own Reply supplied: they sought "a defined process culminating in a proposed scheduling order by a date certain," not more time to respond. Dkt. 58 at 3. And they said nothing of Rule 6(b)(1)(A) on August 18; they invoked it only after Plaintiffs moved to strike.

### B. Even Read as a Request to Extend the Response Deadline under Rule 6(b)(1)(A), Defendants Have Not Shown Good Cause and Cannot Appropriate the Court's Authority to Grant Themselves an Extension

Rule 6(b)(1)(A) vests the power to extend a deadline in "the court," and conditions it on "good cause." Defendants satisfied neither requirement. The Fifth Circuit has rejected the argument "that a timely filing of a motion for extension of time suffices to meet the deadline." *Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017); *see McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010). Defendants agree: they "do not contend that filing the motion 'suffices to meet the deadline' or that it worked an 'automatic stay.'" Dkt. 73 at 6. That concession resolves the question. If the Motion neither met the June 12 deadline nor stayed it, the deadline ran, and Defendants missed it by 67 days.

Defendants make no showing of good cause either, arguing that "good cause is not contestable, because Plaintiffs conceded it." Dkt. 73 at 6. Plaintiffs said the opposite in July: they "never conceded that the record's volume—or anything else—makes additional time to respond to the First P.I. Motion necessary," only that they would "accommodate a reasonable, bounded extension"—an extension Defendants "never sought, having proposed no response date or schedule for the parties to negotiate." Dkt. 61 at 5. An offer to negotiate a date is not a finding of good cause, and it is not an extension.

## II. Plaintiffs' Consent to a Proposed Schedule in *AS Designs* Does Not Excuse Defendants' Failure to Propose One Here

Defendants' principal answer is that Plaintiffs agreed in *AS Designs* to a schedule allowing 91 days to oppose a four-patent injunction motion, and so cannot object to the 81 days Defendants took here. Dkt. 73 at 6–8. The comparison omits the fact that decides this motion: the *AS Designs* defendants asked. They moved for a scheduling order proposing specific dates, put those dates before Plaintiffs and the Court, and filed before the date they had proposed. *ABC IP, LLC v. AS Designs, LLC*, No. 4:26-cv-00370-ALM, Dkt. 33 at 1, 12; *id.* Dkt. 50. Plaintiffs withdrew their opposition, and the Court granted that motion and entered the proposed schedule. *Id.* Dkt. 55, 56. Defendants here proposed no date to anyone and filed on a date they picked without telling Plaintiffs or the Court.

Judicial estoppel does not close that gap. The doctrine bars a position "clearly inconsistent" with one a court accepted at the party's urging. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). Plaintiffs urged in *AS Designs* that the Court enter an agreed, prospective schedule on the parties' joint submission, and the Court adopted that position and nothing more. It did not hold that a party may take 67 days without an order.

Defendants' related objection—that Plaintiffs' request for a reply due 14 days after the Court's order is itself "open-ended" (Dkt. 73 at 8)—misses the same distinction. A date the Court sets by order is a deadline; a date a party picks for itself is not.

## III. Defendants Cannot Establish Excusable Neglect Because They Chose the Delay

Defendants invoke Rule 6(b)(1)(B) for the first time in their opposition to this motion, nine days after the filing they seek to save. Even entertained, the request fails. Rule 6(b)(1)(B) reaches a party that "failed to act because of excusable neglect," and *Pioneer* weighs "all relevant circumstances," including "the reason for the delay, including whether it was within the reasonable

control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Defendants do not describe neglect; they describe a decision. Their stated reason for filing on August 18 is that they "conformed to" the 91-day schedule entered in *AS Designs*. Dkt. 73 at 13. That is an admission, not an excuse. No order in these cases set that schedule, a party cannot borrow another case's deadline as its own, and a deliberate choice to file late is not a failure to act "because of excusable neglect." Every day of the 67 was within Defendants' control.

Nor did Defendants act diligently. Plaintiffs advised the Court on July 2 that the PI Motion was unopposed and ripe. Dkt. 59. Defendants neither answered that notice nor sought leave to file out of time; they waited another 47 days. *Pioneer* itself involved a filing 20 days late. 507 U.S. at 385. And the absence of prejudice Defendants assert would not cure the delay, because inexcusable neglect is not transformed into excusable neglect "by a mere absence of harm." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998).

**IV. Striking the Untimely Opposition Is the Appropriate Remedy**

The Court has the authority to strike. Defendants say that no rule authorizes it and that the Court's inherent power requires a finding of bad faith. Dkt. 73 at 9. The decision Defendants lead with answers the first objection: *Guilbeaux* entertained a motion to strike a response filed after the Local Rule CV-7(e) deadline and denied it on the facts, not for want of power. *Guilbeaux v. 3927 Found., Inc.*, 177 F.R.D. 387, 389–90 (E.D. Tex. 1998). The bad-faith requirement governs monetary sanctions, which Plaintiffs do not seek. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991). Declining to consider a brief filed 67 days out of time is docket management, not a sanction.

Defendants' remaining authorities address other remedies. *Kaiser Aluminum* and *Coney* concern Rule 12(f) motions directed at pleadings, and *Coney* assumed only arguendo that Rule

12(f) reaches anything else, citing the authority that "motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." *United States v. Coney*, 689 F.3d 365, 379 & n.5 (5th Cir. 2012) (citation omitted); *see Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). *Lacy* and *Chinese Drywall* concern default judgments. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). Neither a pleading nor a default judgment is at issue here.

Striking would not relieve Plaintiffs of anything they must prove. Local Rule CV-7(d) permits the Court to treat a motion as unopposed; it does not grant the motion. Plaintiffs will still carry the burden on each preliminary-injunction factor, and the Court will still decide the motion on its merits. What striking changes is who sets the schedule in this MDL.

The delay is not costless, and the decisions Defendants rely on involved far shorter delays. Plaintiffs sought preliminary relief on a record of harm that accrues with each infringing sale; 67 days of unauthorized delay on that motion is itself the injury. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n.9 (5th Cir. 2006). *Guilbeaux* involved a response ten days late, and the court held only that it was not "so late as to require" striking, while cautioning that "under certain circumstances a motion to strike would be considered." 177 F.R.D. at 390. A 67-day delay, taken after Plaintiffs told the Court the PI Motion stood unopposed, is such a circumstance.

**V. Conclusion**

For these reasons, Plaintiffs respectfully request that the Court strike the opposition Defendants filed on August 18, 2026 and the declarations filed in support of it. If the Court instead accepts those filings, Plaintiffs request 14 days from the date of the Court's order to file their reply in support of the PI Motion.

DATED: September 3, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*
Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 3, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin