**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, *et al.*,<br><br>Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, *et al.*,<br><br>Defendants. | Civil Action No. 4:26-cv-00377-ALM |
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HANES TACTICAL LLC, *et al.*,<br><br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |

| | |
|---|---|
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, *et al.*,<br><br>Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Z3 PRODUCTIONS LLC d/b/a Z3PRO,<br><br>Defendant. | Civil Action No. 4:26-cv-00367-ALM |

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' OPPOSITIONS TO PLAINTIFFS' CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs' Reply (Dkt. #75[1]) depends on two refuted propositions: that Defendants[2] never requested a Rule 6(b)(1)(A) extension and remained silent after Plaintiffs declared the motion for preliminary injunction ("PI Mot.," Dkt. #43) unopposed. But Defendants' Motion for Scheduling Order (Dkt. #51) expressly invoked Rule 6(b)(1)(A) and requested a replacement opposition deadline. Dkt. #62 then expressly rejected Plaintiffs' claim that Defendants would not oppose the PI Motion. The Motion to Strike (Dkt. #71) should be denied.

## I. DKT. #51 EXPRESSLY REQUESTED RELIEF UNDER RULE 6(b)(1)(A).

The Reply treats Dkt. #51 as though its title and final prayer were the entire motion. They were not. In the first Argument section, Defendants stated: "Rule 6(b)(1)(A) permits the Court, for good cause, to extend time in response to a request made before the original time expires. Local Rule CV-7(e) likewise permits a party to move for an order lengthening or shortening the response period for a motion." (Dkt. #51 at 5.) The motion identified the "default 14-day opposition period," explained why that period was "unworkable," and asked for a schedule expressly addressing the opposition deadline. (*Id*. at 3-6, 8.) That is an express Rule 6(b)(1)(A) request to enlarge the PI-opposition period.

Rule 6(b)(1)(A) requires only that "a request is made" before expiration. It does not demand any magic words or incantations, or require the movant to select a replacement date. Defendants requested a Court-managed process because this MDL requires coordination over briefing structure, discovery, confidentiality, experts, and unresolved amendment issues. (Dkt. #51

[1] Consistent with Plaintiffs' approach, docket citations are to *ABC IP, LLC v. 80Mills LLC*, No. 4:26-cv-00380-ALM (E.D. Tex.), unless otherwise indicated.

[2] The "Defendants" submitting this sur-reply are 80Mills LLC d/b/a Tactical Titan Supply, Pearson Gardner; DNT LLC d/b/a Deez Nutz Tactical, Zach Morrow; Hanes Tactical LLC, Damion Terrell Bennett; Harrison Gunworks LLC, Tyler Harrison; Steven Thanh Nguyen d/b/a Polymer Pew; and Z3 Productions LLC d/b/a Z3Pro.

at 7-8.) Plaintiffs understood the issue. They offered an extension, described "more time to respond" as the ordinary remedy, and said they did "not oppose a bounded extension." (Dkt. #57 at 9, 12.)

## II. THE RECORD ESTABLISHES GOOD CAUSE AND COUNTERMANDS PLAINTIFFS' CLAIM OF WAIVER.

Dkt. #51 did more than cite the Rule; it established good cause. Plaintiffs sought an injunction on five patents and 34 claims against 13 defendant groups and multiple products, supported by more than 1,200 pages of briefing, expert opinions, claim charts, declarations, and exhibits. (Dkt. #51 at 3-6.) A meaningful response required claim-by-claim, product-by-product review; expert analysis; investigation of market, causation, hardship, and bond issues; client consultation; and coordination among six defense groups. (*Id*. at 6-7.) Pending motions to add patents further complicated the record. (*Id*. at 4, 7.) Those unrebutted facts establish good cause.

The Reply also says Defendants did nothing after Plaintiffs' July 2 "Notice of Non-Opposition and Ripeness" (Dkt. #59). That is incorrect. When Plaintiffs used their expedited-discovery reply to argue that the PI Motion is unopposed by the Defendants (Dkt. #60 at 1), Defendants filed a sur-reply expressly rejecting that premise. (Dkt. #62 at 1.) The sur-reply stated that Defendants had requested a workable schedule on the PI Motion and were preparing substantive PI oppositions. (*Id*. at 1-3.) Thus, before the August 18 PI Opposition (Dkt. #67), Defendants had twice told Plaintiffs and the Court – first in Dkt. #51 and again in Dkt. #62 – that the PI Motion was opposed and a merits response was forthcoming. There was no silence, waiver, surprise, or plausible reliance on an expected default.

## III. *AS DESIGNS* CONFIRMS BOTH THE REASONABLENESS OF DEFENDANTS' CONDUCT AND THE ARBITRARINESS OF STRIKING THEIR OPPOSITION.

The Reply's *AS Designs* account omits the chronology that matters. Plaintiffs filed that four-patent PI motion on April 27. (*AS Designs* Dkt. #28[3]) The *AS Designs* defendants timely moved for a scheduling order under Rule 6(b)(1)(A) and did propose a July 27 opposition date. (*AS Designs* Dkt. #33.) But Plaintiffs opposed that motion anyway (just like they did in these cases). (*AS Designs* Dkt. #34.) After the default May 11 deadline passed, Plaintiffs filed the same kind of "Notice of Non-Opposition and Ripeness" they later filed here. (*AS Designs* Dkt. #47.) The *AS Designs* defendants then filed their "late" PI opposition on July 9. (*AS Designs* Dkt. #50.)

Only *after* receiving that merits PI opposition, and realizing that they needed additional time themselves (*see* accompanying Exhibit 1), did Plaintiffs withdraw their opposition to the scheduling motion and consent to the requested schedule, which the Court then entered. (*AS Designs* Dkt. #55, #56.) Thus, Plaintiffs did not first agree to a schedule and then receive a timely PI opposition. They opposed the requested schedule, declared the PI motion unopposed after the default deadline, received the defendants' late-filed PI opposition, and only then embraced the schedule when they needed additional time and discovery for their own reply.

That sequence answers Plaintiffs' proposed distinction. It was not the existence of a specific proposed date that caused Plaintiffs to accept the *AS Designs* PI opposition; Plaintiffs opposed the motion even though it proposed dates. Nor was prior entry of a schedule essential; the PI opposition preceded Plaintiffs' withdrawal and the Court's order. What changed was that Plaintiffs needed time after seeing the PI opposition. Their present demand to strike materially similar filings here is therefore irreconcilable with their conduct in *AS Designs*.

---

[3] "*AS Designs* Dkt." refers to the docket in *ABC IP, LLC v. AS Designs, LLC*, No. 4:26-cv-00370-ALM (E.D. Tex.), a companion case in this MDL.

Reliance on *AS Designs* is appropriate even apart from judicial estoppel. The actions are coordinated in the same MDL, involve overlapping patents, products, issues, counsel, and requests for preliminary relief, and are before the same Court. Plaintiffs themselves warned against inconsistent rulings in this MDL. (Dkt. #57 at 10.) Case-specific distinctions may justify different schedules; arbitrary procedural outcomes on materially similar sequences do not. Plaintiffs accepted a 91-day opposition period for the narrower *AS Designs* record. Defendants filed here after 81 days against a larger record. Striking here while accepting the same posture there would reward arbitrary gamesmanship, not apply a coherent scheduling principle.

## IV. PLAINTIFFS EFFECTIVELY CONCEDE THERE IS NO BAD FAITH.

Defendants explained that striking their PI Opposition and declarations under inherent authority would require, or at minimum ordinarily be reserved for, bad faith or willful misconduct. (Dkt. #73 at 9-12.) Section IV of Plaintiffs' Reply acknowledges that argument and then sets off on a meandering excursion through a forest of case citations. (Dkt. #75 at 4-5.) That response effectively concedes the factual point: this record contains no evidence that Defendants acted in bad faith.

The record shows the opposite. Defendants raised the deadline before it expired, invoked the governing extension rule, explained the need, publicly preserved their merits defenses, responded when Plaintiffs characterized the PI Motion as unopposed, worked diligently to prepare a substantive opposition to the PI Motion, and filed it within a comparable MDL timetable. The absence of bad faith and undue prejudice makes striking inappropriate here. *Guilbeaux v. 3927 Foundation, Inc.*, declined to strike a late response where the underlying motion remained undecided and the movant showed no prejudice. 177 F.R.D. 387, 389-90 (E.D. Tex. 1998). Both conditions are present here.

## V. RULE 6(b)(1)(B) DOES NOT REQUIRE STRIKING.

Alternatively, the *Pioneer* factors support acceptance under Rule 6(b)(1)(B). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Plaintiffs face no prejudice: no ruling or hearing occurred, and they possess the PI Opposition and supporting evidence. Acceptance causes no additional delay. The reason and good-faith factors favor Defendants, who timely placed the scheduling issue before the Court, reiterated their intent to oppose the PI Motion after Plaintiffs' notices, and followed a shorter timetable than Plaintiffs accepted in *AS Designs*.

Granting the Motion to Strike would not advance the PI Motion by a day. Its only operative effect would be to withhold from the Court, as it decides the PI factors, rebuttal expert analysis and third-party testimony bearing on the inventorship of an asserted patent. And any claims of prejudice from delay are belied by the Motion to Strike and the Reply, both of which ask, in the alternative, for *another* 14 days from the Court's ruling (on the Motion to Strike) to file a reply to the PI Opposition, which would push out resolution of the PI Motion even further. (*See* Dkt. #71 at 6; Dkt. #75 at 5.) Three weeks after receiving the PI Opposition, Plaintiffs still have filed no reply in support of the PI Motion, even though they would normally get only seven days. *See* Local Rule CV-7(f).

## CONCLUSION

The Court should deny the Motion to Strike and accept the August 18 consolidated PI Opposition as timely under Rule 6(b)(1)(A) or (B).

Dated: September 11, 2026

Respectfully submitted,

*<u>/s/ Sergey Vernyuk</u>*
John M. Skeriotis (Ohio Bar #0069263)
jms@etblaw.com
Sergey Vernyuk (Ohio Bar #0089101)

sv@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*Attorneys for Defendants 80Mills LLC, Pearson Gardner, DNT LLC, Zach Morrow, Hanes Tactical LLC, Damion Terrell Bennett, Harrison Gunworks LLC, Tyler Harrison, Steven Thanh Nguyen d/b/a Polymer Pew, and Z3 Productions LLC*